John F. Cox,
doing business as
John F. Cox Company,
Appt.
vs.
Wolfe Brothers

No. 84911.

July 7, 1931.

FROST, J. Heard on defendant's motion for a new trial after verdict for plaintiff in the sum of $816.01.

This is a suit brought to recover the sum of $650.21 with interest, for materials furnished and for work and labor performed in a building at the corner of Washington and Eddy streets in the City of Providence.

Cox, who is a heating contractor of twenty-five years' experience, testified that he was called on the telephone and as a result of the conversation met Samuel Wolfe and Engineer Long and later sent a steamfitter named Upham and a helper named King to do work in Wolfe Brothers' store; that they worked for four or five weeks in the fall of 1926; that there was another job in December, the labor on which was performed by his men, Furey and Vogel; that Samuel Wolfe claimed a credit for radiators that were removed; that he was afterwards allowed for them the sum of $45; that an itemized bill was rendered for materials and labor; that in June or July of last year (1930) he asked Samuel Wolfe for money and was told that he never ordered the work done.

Anna T. Cox, a sister of the plaintiff who worked for him as bookkeeper, testified that the men handed to her day cards and that the information contained in them was transferred by her to the day book; that these day cards had been lost in moving; that the amount now owing was $650.21; that she had sent out bills monthly since the work was done.

The book produced by Miss Cox appears to have been kept by her in the regular course of business. It contains a charge account against Wolfe Brothers for work and materials under heading, Addition to Heating Apparatus in Store Building. Labor is charged for under dates beginning with September 21 and ending with October 13, 1929, amount $640.19.

Another charge against Wolfe Brothers is for Work on Heating Apparatus in Store Building under dates December 20, 22, 23, amount $55.02.

It appeared in testimony that Upham was no longer in this state and that Long had died.

Joseph King testified that he was employed for three months in 1926 by Cox, as a helper; that he worked with Upham in Wolfe Brothers' store and that Mr. Long gave directions; that Mr. Wolfe was there; that the work went into October; that materials came from John F. Cox; that Mr. Wolfe was around the store and gave directions; that he saw Samuel Wolfe there daily, also Engineer Long; that on the first floor they took down a line of pipe over the show cases, on Washington street, and replaced it with a larger pipe.

Walter O. Field testified that he worked for John F. Cox as a truck driver for some nine years; that he carried tools and fittings to store of Wolfe Brothers about September: that he saw Furey and a helper there around October; that he sometimes saw Wolfe and sometimes did not see him.

Thomas J. Furey testified that it was 3½ or 4 years ago that he worked for Cox; that he didn't know Samuel Wolfe; that he worked about 4½ years ago at the store; that it was in the winter time; than an engineer in Mr. Wolfe's employ gave him instructions.

James H. Vogel said that he worked for John F. Cox in the fall of 1926; that he worked with Mr. Furey; that it was in the winter, around Decem-

ber; that they connected radiators on the second floor.

For the defence Samuel Wolfe testified that in 1924 he was President of the Providence Specialty Company, a Rhode Island corporation; that this company was the lessee of the Slade Building; that it remodelled the building in the year 1924 at an expense of $100,000; that at that time the architect planned a revamping of the entire heating system; that Cox was a sub-contractor on the job; that after 1925 Cox did no further work in the building; that he did not call Cox and ask him to come over and do work in the building; that he first knew of this claim in 1930 when he received a statement from John F. Cox Company, on the telephone. He also testified that the clothing business was incorporated on July 29, 1926, under the name, Wolfe Brothers, Inc. In cross-examination he denied that pipes were enlarged in 1926.

In rebuttal Cox testified that radiators, he thought, were removed in 1925 and that credit for them was asked in 1927. He also testified that Samuel Wolfe told him that he did not remember that he, Cox, did any work for him in 1926.

After seeing and hearing the parties and their witnesses and after a careful consideration of all the testimony, the Court thinks the jury were clearly justified in finding that the plaintiff furnished materials and performed labor as claimed. Whether they were also justified in finding that the materials were furnished for and the labor performed for and at the request of Samuel Wolfe is a question less easily answered. It is, however, in evidence, although denied by Wolfe, that Cox was requested to go to the store; that he went there and later sent materials and men. From the evidence given of the corporations it seems somewhat improbable that Wolfe would himself make any changes in the heating system. However, there is the testimony of Cox that he was ordered to do the work by Wolfe and there is no testimony that Cox had any knowledge of the Providence Specialty Company nor of Wolfe Brothers, Inc. Indeed, Wolfe's defence is not that the wrong party had been charged; he testified that Cox had done no work in the building since 1925. If this be so, then the bookkeeper and the books are all wrong. This the Court is not able to believe.

The Court's conclusion is that substantial justice has been done between the parties and defendant's motion for a new trial is therefore denied.

For plaintiff: William H. McSoley.

For defendant: Clason, Brereton and Kingsley.